Dear Mr. Bourgeois:
The Morgan City Harbor and Terminal District currently leases property and equipment to a private corporation. The District is considering amending the lease. The amendment will decrease the monthly rental in exchange for several concessions by the private corporation; however, the District is concerned that a reduction in the rent may violate the Louisiana Constitution. In short, we believe that the proposed amendment does not violate the constitution.
The District is a political subdivision of the State of Louisiana. It has express powers that include the authority to lease to any enterprise locating or existing within the District's boundaries all or any part of an industrial plant site, industrial plant building, or other property owned by the District. The law specifically provides that a factor to consider in determining the consideration for any such lease is the potential value of the economic impact of the industrial or business enterprise locating or expanding within the District's boundaries. Economic impact includes increased employment, use of local labor, wages and salaries to be paid, consumption of local materials, products, and resources as well as special tax revenues that are generated.[1]
The current lease provides for a 24 month term and a rental of $100,000.00 per month, along with other terms and conditions. The property, according to the information in your request, has a fair market value of approximately $77,000.00 per month and the equipment has a fair market value of $25,000.00 per month. The private corporation has a number of claims pending against the District. The claims include a dispute over its ability to use a portion of the leased premises due to roof damage and the navigational access of the port. In an attempt to resolve these disputes, the District and corporation are willing to amend the lease to provide for a 36 month term, a release of all of the corporation's claims against the District and a reduced monthly rental. The rent will be $60,000.00 per month for the first year of the lease, $70,000.00 per month for the second year of the lease and $80,000.00 per month for the third year of the lease. The amendment also provides that the corporation will repair the roof at a cost of approximately $40,000.00.
The District specifically questions the legality of the amendment in light of Article 7 Section 14 of the Louisiana Constitution. This constitutional provision prohibits the state or any of its political subdivisions from donating its funds, credit, property or things of value to or for any person, association or corporation, public or private. It has long been the opinion of this office that this constitutional provision is violated when the state or its political subdivisions donate assets without a legal obligation to do so. This line of opinions was based on the City of Port Allen case.[2] We must note, however, that City of Port Allen was recently overruled by the Louisiana Supreme Court.[3] The Court held that its reasoning in theCity of Port Allen presents an unworkable and incorrect interpretation of Article 7 Section 14. Rather, the court's interpretation of this constitutional provision is that the provision is violated when public funds or property are gratuitously alienated.
Although the proposed amendment to the lease provides for a decreased rental payment, the District, based on the facts presented in your request, is not reducing the rent gratuitously. Instead, it will receive repairs to its property at the corporation's expense, a settlement of all pending claims of the corporation against the District and an extension of the term of the lease. Additionally, the District believes that the occupancy of the property by the corporation will create jobs within the area and will continue to reestablish the Port of Morgan City as a viable Gulfport location. Essentially, the District believes that the corporation's presence will continue to increase business for the Port.
As noted earlier, the law specifically allows the District to enter into a lease and consider the economic impact of the lessee's presence as a factor in determining the rent. The value of the economic impact of the lessee's presence along with the other concessions makes this proposed amendment one of recompense rather than gratuity. It is, therefore, our opinion that the proposed amendment does not violate the Louisiana Constitution.
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY:______________________
 TINA VICARI GRANT
 Assistant Attorney General
 CCF, jr./TVG/dam
[1] La. R.S. 34:321, 323 and 323.1
[2] City of Port Allen v. Louisiana Municipal Risk Agency, 439 So.2nd 399 (La. 1983)
[3] Board of Directors of the Industrial Development Board of the Cityof Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizensof the City of Gonzales, 938 So.2d 11 (La. 2006).